STATE OF NEW JERSEY, PLAINTIFF, v. ULTRA MOTORS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND BERNARD COSTELLO, PRESIDENT, ULTRA MOTORS, INC., DEFENDANTS.

Burlington County Court
Criminal Division

Decided March 28, 1956.

*Mr. Thomas F. Rhodes, Jr.,* attorney for the plaintiff.

*Mr. Christopher N. Peditto,* attorney for the defendant.

McGann, J. C. C. The State of New Jersey instituted criminal proceedings against the defendants, the Ultra Motors, Inc., and Bernard Costello, charging them with failure to remit to the Division of Employment Security, Department of Labor and Industry of the State of New Jersey, when due and payable, employer and employee contributions under the Unemployment Compensation Law, *R. S.* 43:21–1 *et seq.*

The plaintiff charges violation under section *R. S.* 43:21–16(*e*) for the periods represented by the first, second, third and fourth quarters of 1954, and the first and second quarters of 1955. The complaints in question were made by Walden T. Peterson, Assistant Chief of Contributors' Service of the Division of Employment Security.

The State of New Jersey presented two witnesses, the complainant and Sol S. Simon, a senior auditor of the Division of Employment Security, in support of its charges. It also presented documentary evidence in the nature of reports filed by defendant, Costello. At the end of the State's case the defendants, through their counsel, made a motion for a dismissal on the grounds that there was nothing before the court that would warrant a basis for a verdict of

guilty, because there was nothing to show an intent to violate the statute in question; that the provisions in the statute in question constituted in effect a "legal fiction," and the presumption of innocence was not overcome by the State in its proofs.

During the course of the hearing, it was stipulated that during the periods set forth in the complaint the defendant, Ultra Motors, Inc., employed only one individual, the defendant, Bernard Costello, except for one week ending June 26, 1954, when one other individual, whose name is unknown, was also employed by the defendant corporation.

I am favorably impressed with the full and efficient manner in which the attorney representing the Division of Employment Security presented the case in support of the complaints in question and I am well aware that the position taken by the State's attorney is based upon public policy. However, I cannot overlook the fact that the statute in question, R. S. 43:21–16, is in derogation of common law and, as such, must be construed strictly; and I am well aware that the Legislature, because of good public policy, has permitted statutory regulations that in effect amount to a "legal fiction." However, I find it difficult to believe that the Legislature ever intended that one should be convicted of something that is criminal in nature by reason of a pure "legal fiction," viz., that because an employing unit fully qualified in 1952, that such unit continued to qualify because no affirmative "written application for termination of coverage" was filed with the Division of Employment Security by a given date.

In this case, the de facto situation admitted by stipulation shows there is no question that the defendants did not have in their employment sufficient employees to come under the terms of the act except by reason of the fiction above referred to.

This would be a very shallow and tenuous reason for invoking a criminal penalty. In our system of jurisprudence, the presumption of innocence is a cloak and shield that the defendant in a criminal prosecution has the right to sub-

stantially rely upon. It is part of his defensive armor. In the case of *State v. Cynkowski*, 19 *N. J. Super.* 243 (*App. Div.* 1952), affirmed 10 *N. J.* 571 (1952), it was held:

"The presumption of innocence is no slight matter but is one of the great principles embedded in our system of justice and is an essential of due process of law."

In the case of *State v. Christy*, 26 *N. J. Super.* 459 (*App. Div.* 1953), the court said:

"Presumption of innocence of one criminally accused is a principle of law to which accused is lawfully entitled rather than a mere charitable, gratuitous bestowal."

In the case of *State v. Meinken*, 10 *N. J.* 348 (1952), the court held that where a law is both remedial and penal, that those provisions which are remedial are to be liberally construed and those that are penal are to be strictly construed. In the case of *State v. C. B. S. Enterprises, Inc.*, 24 *N. J. Super.* 514 (*App. Div.* 1953), it was held that in cases dealing with the violation of an ordinance, the violation of which subjects a person to a penalty, must be carefully weighed and that part (penal provision) of such an ordinance must be strictly construed. In this case, Judge Jayne said:

"It has been reiterated many times that an ordinance, the violation of which subjects a person to a penalty, must be strictly construed and its provisions are not to be expanded by the courts by mere implication."

In this matter, from all the evidence, it would seem that there is no factual basis for conviction; that the facts before the court do not support an intention to violate the provisions of the Statute, and that the presumption of innocence should weigh in favor of the defendants. Therefore, the motion to dismiss is allowed.