**In re John A. CURLY, Debtor.**

**Bankruptcy No. 82–05292G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 13, 1982.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, P.C., Philadelphia, Pa., for debtor, John A. Curly.

James M. Pierce, Wayne, Pa., for Edward J. O'Neill.

Samuel M. Brodsky, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The basic legal issue in this case is not unlike the problem with which we have previously been confronted. The question is whether we should enjoin the continuation of a criminal proceeding in the state court where the purported offense arises out of the debtor's issuance of a bad check.

In the case at bench [1] the debtor allegedly approached a man named Edward J. O'Neill ("O'Neill") and suggested that, if he (O'Neill) wanted to make some money, he could do so by investing $5,000.00 with the debtor. For this, he was assured, he would receive $6,000.00 in 3 months. Since the debtor was going out of town (and to "assure" O'Neill that he'd get his money as promised) the debtor gave O'Neill a $6,000.00 check, dated three months hence. On its due date O'Neill deposited the check, which was returned for lack of sufficient funds. O'Neill then sought the issuance of a private criminal warrant charging the debtor with issuing a worthless check and theft by deception.

In an effort to settle this case, O'Neill's attorney prepared a judgment note for $6,000.00, which he sought to have the debtor sign. We think this fairly clearly establishes the objective of the criminal proceeding, i.e., the collection of the money.

While it is true that § 362(b)(1) of the Bankruptcy Code provides that

(b) The filing of a petition under section 301, 302 or 303 of this title does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal proceeding against the debtor

we conclude that the state criminal proceeding should be enjoined because we construe the real motive behind the prosecution (as witness the effort to settle the case by the debtor's execution of a judgment note) is to collect a prepetition debt which would pay the collecting creditor (O'Neill) a greater percentage than other creditors will receive. *In re Alan I.W. Frank Corp.,* 19 B.R. 41 (Bkrtcy.E.D.Pa.1982); *In re Herman Hassinger, Inc.,* 20 B.R. 517 (Bkrtcy.E.D.Pa. 1982). Permitting O'Neill to continue with his criminal action could, as we have stated, result in his obtaining a preferential payment, in excess of that received by other

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

creditors, thereby frustrating one of the purposes of the Bankruptcy Code.

Even if we were to hold that the institution or continuation of criminal proceedings were not subject to the *automatic* stay provisions of § 362(b)(1), the majority of the bankruptcy courts to address that issue have held that they have the power, under § 105(a) of the Code to enjoin such proceedings under certain circumstances: [2] *See In re Strassmann,* 18 B.R. 346 (Bkrtcy. E.D.Pa.1982); *In re Taylor,* 16 B.R. 323 (Bkrtcy.D.Md.1981); *In re Bray,* 12 B.R. 359 (Bkrtcy.M.D.Ala.1981); *In re Lake,* 11 B.R. 202 (Bkrtcy.S.D.Ohio 1981); *In re Reid,* 9 B.R. 830 (Bkrtcy.M.D.Ala.1981); *In re Barth,* 4 B.R. 141 (Bkrtcy.W.D.Mo.1980).

Accordingly, we will enter an order staying the criminal complaint brought by O'Neill against the debtor.

2. *Power of Court.*

(a) The bankruptcy court may issue any order, process, or judgment, that is necessary or appropriate to carry out the provisions of this title.