194 N.J. Super. 526 (1984)
477 A.2d 412
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STANLEY WITRAK, T/A MORSTAN CREATIONS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 2, 1984.
Decided June 28, 1984.
*528 Before Judges MATTHEWS, GAULKIN and SHEBELL.
John W. Finamore, Jr., attorney for appellant.
Irwin I. Kimmelman, Attorney General, attorney for respondent (Dorothy G. Turi, Deputy Attorney General, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant was charged in the Paterson Municipal Court with 8 violations of N.J.S.A. 43:21-16(e) for failing to remit unemployment insurance contributions due for the fourth quarter of 1980, the four quarters of 1981 and the first three quarters of 1982. Defendant was acquitted on the first three charges but convicted on the latter five; he was fined $175 and $25 costs on each conviction. On his de novo appeal to the Law Division defendant was again convicted on the five charges; the same fines and costs were imposed, but were stayed pending appeal. On this appeal from the Law Division judgment, defendant urges:
POINT I.

N.J.S.A. 43:21-16(e) is unconstitutional since it is in contravention of the New Jersey Constitution of 1947, Art. I, paragraph 13.
POINT II.
The sentence imposed by the trial judge was manifestly excessive.
POINT III.
It is a violation of Disciplinary Rule 7-105 for the Attorney General's Office to use a criminal statute to enforce a civil liability and therefore the State of New Jersey must be estopped from prosecuting the instant complaints.
*529 Defendant's challenge to the constitutionality of N.J.S.A. 43:21-16(e) is bottomed on his misperception that the statute "requires no proof on behalf of the State to show an intentional, willful or fraudulent intent on the part of the defendant." We find that the statute does require that a defendant act "with intent to defraud" the State or "with intent to evade" payment. And since the State here failed to either allege or prove such intent, we reverse.[1] See State v. Ultra Motors, Inc., 40 N.J. Super. 54, 57 (Cty.Ct. 1956).
N.J.S.A. 43:21-16(e) provides in full:
(e) Any employing unit or any officer or agent of an employing unit, employer or person failing to remit, when payable, any employer contributions, or worker contributions (if withheld or deducted), or the amount of such worker contributions (if not withheld or deducted), or filing or causing to be filed with the Division of Employment Security of the Department of Labor and Industry of the State of New Jersey, any false or fraudulent report or statement, and any person who aids or abets an employing unit, employer, or any person in the preparation or filing of any false or fraudulent report or statement with the aforesaid division with intent to defraud the aforesaid division or the State of New Jersey or an employment security agency of any other State or of the Federal Government, or with intent to evade the payment of any contributions, interest or penalties, or any part thereof, which shall be due under the provisions of this chapter (R.S. 43:21-1 et seq.), shall be liable for each offense upon conviction before any County Court, county district court, criminal judicial district court, or magistrate's court, to a fine not to exceed $1,000.00 or by imprisonment for a term not to exceed 90 days, or both, at the discretion of the court. The fine upon conviction shall be payable to the unemployment compensation auxiliary fund of the Division of Employment Security of the Department of Labor and Industry of the State of New Jersey. Any penalties imposed by this subsection shall be in addition to those otherwise prescribed in this chapter (R.S. 43:21-1 et seq.). [emphasis supplied].
We are satisfied that N.J.S.A. 43:21-16(e) was not intended to be a "strict liability statute" as the State contends. Rather, the fair and commonsensical reading is that the statute imposes quasi-criminal liability only for "failing to remit ... with intent to defraud ... or with intent to evade...."
*530 The Legislature has provided, in N.J.S.A. 43:21-14, a variety of civil remedies for the mere nonpayment of unemployment insurance contributions or failure to file reports. N.J.S.A. 43:21-14(a) imposes interest when an employer fails to timely pay the required contributions:
....
Any employer who shall fail to pay the contributions due for any period on or before the date they are required ... to be paid, shall pay interest on the amount thereof from such date until the date of payment thereof at the rate of 1% a month thru June 30, 1981 and at the rate of 1 1/4% a month after June 30, 1981.
....
N.J.S.A. 43:21-14(d) requires the Division of Unemployment and Temporary Disability Insurance to examine unemployment reports submitted by an employer to determine whether there is "a deficiency with respect to the payment of" contributions due. If there is a deficiency the Division
shall assess the additional contributions, penalties, and interest due the State from such employer, give notice of such assessment to the employer, and make demand upon him for payment.
N.J.S.A. 43:21-14(e) provides "an additional remedy." The Division
may issue to the Clerk of the Superior Court of New Jersey a certificate stating the amount of the employer's indebtedness ... and describing the liability, and thereupon the clerk shall immediately enter upon his record of docketed judgments such certificate....
Such a certificate has the same effect as a judgment obtained in the Superior Court and the Division is entitled to seek any remedy available as if the docketed certificate were a judgment. Ibid. The employer's debt "shall be a lien on and bind the lands, tenements and hereditaments" of the employer. Ibid.
Thus, under N.J.S.A. 43:21-14, where an employer is deficient in paying unemployment insurance contributions, the State may (1) charge interest on the deficiency, (2) make a demand for payment and (3) obtain a judgment upon issuing a certificate. Moreover, the liability of the employer for its contributions is a personal debt of the employer to the State. *531 N.J.S.A. 43:21-14(b); State Div. of Employment Security v. Pilot Mfg. Co., supra, 83 N.J. Super. at 182. All of these civil remedies may be had upon an employer's mere failure to pay the appropriate contributions.
The additional quasi-criminal sanctions fixed in N.J.S.A. 43:21-16, on the other hand, are imposed not for mere nonpayment or failure to file but for "offenses" of various descriptions. N.J.S.A. 43:21-16(a) and (b) sanction one who makes a false statement or representation "knowing it to be false" or one who "knowingly" fails to disclose a material fact in connection with the unemployment compensation law. N.J.S.A. 43:21-16(c) punishes anyone who "willfully" violates a provision of the statute. N.J.S.A. 43:21-16(f) imposes penalties on anyone who "aids and abets" another in obtaining benefits to which he is not entitled.
The statutory section at issue here, N.J.S.A. 43:21-16(e), similarly imposes penalties for certain offenses only upon a showing of "intent to defraud" or "intent to evade." Given the overall pattern of the statutory enforcement provisions, we find it most reasonable and appropriate to read N.J.S.A. 43:21-16(e) as imposing quasi-criminal sanctions for failure to remit employer contributions only upon proof of such an "intent to defraud" or "intent to evade."
The legislative statement which accompanied the proposal of subsection (e) is consistent with our view:
The amendments to Section 43:21-16 in this bill are designed to provide for a more effective method of preventing and prosecuting fraud with respect to the withholding of employers' and workers' contributions and the improper collection of unemployment benefits. [Statement appended to S. 134, enacted L. 1950, c. 225, § 2 (emphasis supplied)].
Moreover, unemployment contributions are taxes (State v. Cannarozzi, 77 N.J. Super. 236, 239 (App.Div. 1962); and the State has failed to bring to our attention any instances where a criminal or quasi-criminal penalty is imposed for mere nonpayment of a tax absent a showing of willfulness or intent to evade the tax. Cf., e.g., N.J.S.A. 54:52-1 (failure to file or false filing *532 with intent to defraud the State or evade the payment of tax); N.J.S.A. 54:52-2 (false swearing with intent to evade a tax); N.J.S.A. 54:52-4 (willfully keeping false records); N.J.S.A. 54:29A-70 (failure to file or false filing with intent to defraud the State or evade payment of railroad tax); 26 U.S.C.A. § 7201 (willful attempt to evade any tax); 26 U.S.C.A. § 7202 (willful failure to collect or pay over any tax); 26 U.S.C.A. § 7203 (willful failure to pay estimated tax or tax).
In light of our reading of the statute, defendant's constitutional challenge to N.J.S.A. 43:21-16(e) is without substance. See State v. Cannarozzi, supra, 77 N.J. Super. at 240. We need not address defendant's other contentions.
For the foregoing reasons, we reverse defendant's convictions and dismiss the complaints. The matter is remanded to the Law Division for entry of an appropriate judgment of dismissal.
NOTES
[1] The State does not specifically contend that defendant withheld employee contributions and failed to pay them over to the State. We are, therefore, not concerned here with any violation of trust. See State Div. of Employment Security v. Pilot Mfg. Co., 83 N.J. Super. 177, 182-83 (Law Div. 1964).