220 N.J. Super. 503 (1987)
532 A.2d 1124
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
A.J. EMERS, INC. AND ALBERT J. EMERS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 12, 1987.
Decided May 29, 1987.
*504 Before Judges PRESSLER and ASHBEY.
Igor Sturm, attorney for appellant (William C. MacMillen, on the brief).
W. Cary Edwards, Attorney General, attorney for respondents (Alan A. Sant'Angelo and James R. Wronko, Deputy Attorneys General, of counsel and on the brief).
PER CURIAM.
Defendants A.J. Emers, Inc. and Albert J. Emers, as responsible officer of the Emers corporation, were each found guilty in the municipal court of ten counts of failure to remit unemployment insurance contributions with the intent to evade payment under the Unemployment Compensation Law (N.J.S.A. 43:21-16(e)). Both were fined $75 and assessed court costs of $25 on each count.[1] On their de novo appeal to the Law Division, each was again found guilty of all ten offenses and the same penalties were imposed. Defendants appeal and we affirm.
Defendants primarily challenge the sufficiency of evidence that each acted with requisite fraudulent intent.[2] They *505 first contend that their filing of quarterly employer reports was evidence of good faith which precluded a finding that they intended to evade payment. See State v. Cannarozzi, 77 N.J. Super. 236, 239 (App.Div. 1962). Our review of the record satisfies us that the effect of defendants' filing of reports was properly considered by the municipal court and the Law Division. We further reject defendants' claim that the State's proofs were otherwise inadequate to prove fraudulent intent. The State's evidence tended to prove that defendants failed periodically to pay corporate contributions to the State over several years although they knew of their duty to do so, and that defendants paid other corporate obligations during that time. See Trustees of Local 478 Pension Fund v. Pirozzi, 198 N.J. Super. 297, 304, 305 (Law Div. 1983). Moreover, defendant corporation collected but failed to pay its employee contributions. No evidence was adduced by defendants to counter the State's proofs. While the evidence presented by the State was circumstantial, we are satisfied it was nonetheless sufficient to persuade the factfinder of defendant's guilt beyond a reasonable doubt. See State v. Dancyger, 29 N.J. 76, 84 (1959), cert. den. 360 U.S. 903, 79 S.Ct. 1286, 3 L.Ed.2d 1255 (1959).
Our review of the record further satisfies us that the Law Division properly ruled on the admissibility of evidence in the municipal court. The standard employer forms filed in the name of defendant corporation and signed by defendant Emers bore the official stamp of the Department of Labor. As such they were admissible, subject to such exclusionary rules as exist to protect privilege and constitutional rights. See State v. Kennedy, 135 N.J. Super. 513, 524 (App.Div. 1975). We reject defendants' claim that they were not authenticated. A proper foundation had been laid by Department of Labor personnel. *506 Moreover, all the proffered records were admissible. See State v. Hudes, 128 N.J. Super. 589, 601 (Cty.Ct. 1974). Defendants' reliance on State v. Moore, 158 N.J. Super. 68, 77 (App.Div. 1978) and State v. Matulewicz, 101 N.J. 27, 31-32 (1985) is misplaced. Our review of the record thus persuades us that there was no error.
The March 6, 1986 judgments of conviction are accordingly affirmed.
NOTES
[1] The fine was suspended as to Albert J. Emers.
[2] While the legislature may impose a penalty for violation of a regulatory scheme and dispense with requiring proof of a criminal purpose in a summary proceeding, N.J.S.A. 2C:2-2(c)(3); State v. Kiejdan, 181 N.J. Super. 254, 258-59 (App.Div. 1981), the State properly conceded that intent to evade the tax payment was an essential element of these charges. See State v. Witrak, 194 N.J. Super. 526, 529 (App.Div. 1984); State v. Paladino, 203 N.J. Super. 537, 545 (App.Div. 1985).