**In the Matter of Lawrence J. CORBO, Debtor.**

**Bankruptcy No. 87–02174C.**

United States Bankruptcy Court,
D. New Jersey.

June 19, 1990.

**110**

Schwartz, Tobia & Stanziale by Nina C. Peckman, Montclair, N.J., for debtor.

State of New Jersey Dept. of Law & Public Safety by George B. Somers, Jr., Deputy Atty. Gen., Trenton, N.J., for the State.

OPINION

WILLIAM F. TUOHEY, Bankruptcy Judge.

This matter comes before the Court upon the Debtor's Motion for an Order determin-

ing that the State of New Jersey, Department of Labor, is in contempt of the automatic stay under 11 U.S.C. § 362. The State of New Jersey prays for relief from the automatic stay to pursue its claims against the Debtor in State Court. This Opinion shall constitute the Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.[1]

On or about April 10, 1987, the Debtor, Lawrence J. Corbo, filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Shortly after the filing, the State of New Jersey brought two separate actions in state criminal court in the Municipal Court of Belleville, New Jersey against Delcor Wall Systems, Inc., United States Wall Systems, Inc., and the Debtor, President of the aforementioned corporations. One set of complaints charged the Debtor and Delcor Wall Systems, Inc. with two counts of failure to remit unemployment contributions under N.J.Stat.Ann. 43:21–16(e), covering the first and second quarters of 1986. The other set of complaints charged the Debtor and United States Wall Systems, Inc. with three counts of failure to remit unemployment contributions, covering the first and second quarters of 1985 and the first quarter of 1986.

The cases were first brought before the Municipal Court on July 22, 1987. At that time they were adjourned on Debtor's request because the Debtor stated that he wanted to pay the unemployment taxes that were alleged unpaid in the complaints against United States Wall Systems, Inc. It is the policy of the New Jersey Attorney General's Office to permit a defendant, in an unemployment tax prosecution, to make restitution prior to a guilty plea and sentencing to mitigate his potential fines and/or imprisonment.

On December 9, 1987, the Debtor requested another adjournment from the Municipal Court so that he could sell a parcel of land in order to pay off the unemploy-

1. This matter was originally argued on 11/28/88 before Bankruptcy Judge Vincent J. Commisa. The Court reserved and Judge Commisa died this year before an opinion had issued. This Court held a conference on the matter on 3/23/90 and offered all parties a plenary hearing; the parties refused and agreed to submit the matter on the 11/28/88 transcript and record; said transcript was duly ordered and filed with the court on 4/16/90.

ment taxes. The State did not oppose defendant's request to adjourn. On January 20, 1988, a further adjournment was necessary because the Debtor did not appear. After two more adjournments on Debtor's request, the Municipal Court, on October 19, 1988, stated that the matter would be adjourned until the Bankruptcy Court made a determination as to the State of New Jersey's right to relief from the automatic stay to pursue its claims against the Debtor in state court.

The Debtor argues that the state court action is in violation of the automatic stay because through it the State is seeking to recover a debt. The Debtor contends that the action is not a criminal action and thus does not fall within the exception of 11 U.S.C. § 362(b)(1), for "the commencement or continuation of a criminal action or proceeding against the debtor." The Debtor also argues that 11 U.S.C. § 105(a) extends the reach of § 362 and should be applied in this case. Section 105(a) states that "the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Debtor claims that the Court should employ its § 105(a) powers in the instant matter to enjoin the state court criminal proceeding from continuing.

The State of New Jersey argues that the state court action against the Debtor is a criminal prosecution and falls within the § 362(b)(1) exception to the automatic stay. Therefore, the automatic stay does not apply to the state court action and the Debtor's motion should be dismissed.

The first step in the Court's analysis is to decide whether N.J.Stat.Ann. 43:21–16(e) can be classified as a criminal action within the meaning of § 362(b)(1). It has been held that N.J.Stat.Ann. 43:21–16(e) is a quasi-criminal statute. *See State v. Witrak*, 194 N.J.Super. 526, 529, 477 A.2d 412 (1984). Under N.J.Stat.Ann. 43:21–4, the State may demand payment of deficient unemployment contributions from an employer. This civil remedy can be imposed

upon an employer's mere failure to pay the appropriate contributions. *Id.* at 530–31, 477 A.2d 412. On the other hand, N.J.Stat. Ann. 43:21–16(e) imposes sanctions, not for mere nonpayment, but for certain offenses where there is a showing of an "intent to defraud" or "intent to evade." *Id.* at 531, 477 A.2d 412. These sanctions include the possibility of fine or imprisonment. Since N.J.Stat.Ann. 43:21–16(e) can be considered to be quasi-criminal in nature, this Court must decide if it fits within the definition of "criminal action" as that term is used in § 362(b)(1).

In *Novakovic v. State of New Jersey (In re Novakovic)*, Ch. 11 Adv. No. 81–0478 (Bankr. D.N.J. Feb. 18, 1982),[2] the Bankruptcy Court concluded that § 362(b)(1) encompasses both criminal and quasi-criminal actions. *Id.* at 8. The Court reasoned that Congress intended the word "criminal" to have its common sense meaning and not be narrowly confined to indictable offenses. *Id.* at 7–8.

Another element to consider when determining if a quasi-criminal statute is considered a "criminal action" within the meaning of § 362(b)(1) is whether the State is using the quasi-criminal statute as a disguised collection device designed to bypass the automatic stay. *See In re Curly*, 25 B.R. 260 (Bankr.E.D.Pa.1982). If the State's real motive behind the prosecution of the Debtor is to collect a pre-petition debt, then the State's prosecution is not a "criminal action" within the meaning of § 362(b)(1) and the automatic stay applies. *In re Brown*, 51 B.R. 51, 52 (Bankr.E.D. Ark.1985). Moreover, "[c]ourts which have enjoined the ... [State] in a criminal proceeding have done so pursuant to 11 U.S.C. § 105(a)." *Id.*

In the present case, the Debtor's trial was adjourned several times at the request of the Debtor. The Debtor promised to pay the deficient unemployment taxes each time he made the request to adjourn. The State, relying on Debtor's promises, never opposed the adjournments.

**2.** Unpublished Opinion of Bankruptcy Judge R.W. Hill submitted to both counsel and the Court by the parties.

An inference can be made from these facts that the State was only using the threat of prosecution as a means of obtaining payment of the deficient unemployment taxes. This argument is bolstered by the fact that the State brought the criminal complaints against the Debtor after the Debtor had filed for bankruptcy.

The State argues that it did not oppose the Debtor's requests for adjournment because its policy is to accept any restitution that the Debtor/Defendant may offer in an attempt to mitigate their fine or incarceration. Furthermore, the State claims that even if the Debtor/Defendant had made a complete payment of restitution prior to trial, the prosecution would not be dismissed, as the underlying facts and purpose of the prosecution remain unchanged. The State argues that, in this case, the purpose of the prosecution was to effectuate the public policy interests of the State's unemployment compensation system and to insure its continuing integrity as a fund protecting the public health and safety.

The State argues that *Novakovic v. State of New Jersey (In re Novakovic)*, Ch. 11 Adv. No. 81–0478 (Bankr. D.N.J. Feb. 18, 1982) and *In re Garvey*, Ch. 11 Case No. 88–01317 (Bankr. D.N.J. July 21, 1988)[3] are analogous to the present case and should be followed. In *Novakovic*, the State charged the debtor with nine counts of failure to remit unemployment insurance contributions pursuant to N.J.Stat.Ann. 43:21–16(e). The debtor applied to the Bankruptcy Court for an order seeking injunctive relief from the State prosecution. The court rejected the debtor's request and stated that the State's prosecution sought to effectuate more than a debt collection. The court said that the State, in prosecuting the debtor, wanted "to send a message to entities and individuals, such as the [d]ebtor, that the financial integrity of the unemployment compensation fund must and shall be preserved." *Novakovic* at 9.

In the case of *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) the United States Supreme Court held that restitution obligations imposed as conditions of probation in state criminal actions are non-dischargeable in proceedings under Chapter 7 of the Bankruptcy Code. The Supreme Court grounded its holding in *Kelly, supra*, on its interpretation of the Bankruptcy Code provision that protects from discharge any debt that is "a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." (Bankruptcy Code 523(a)(7)).

Because the Supreme Court in *Kelly, supra*, determined that restitution orders fall within the provisions of the 523(a)(7) exception to discharge, the Supreme Court declined to reach the question of whether restitution orders are debts as defined by Bankruptcy Code § 101(11). The recent Supreme Court case of *Pennsylvania Department of Public Welfare, et al., Petitioners v. Edward J. Davenport, et ux.*, ─── U.S. ───, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) has held that restitution obligations are indeed debts as defined by Bankruptcy Code § 101(11). The Court in *Davenport* went on to hold that such restitution debts are dischargeable under a Chapter 13 proceeding. However, the court in *Davenport* carefully stated that the exception carved out for restitution payments in *Davenport* was solely for the benefit of debtors who have obtained protection under Chapter 13 of the Bankruptcy Code. The court reiterated again the findings in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).

In conclusion, the Court finds that since N.J.Stat.Ann. 43:21–16(e) is a quasi-criminal statute, it falls within the meaning of "criminal action" as that term is used in § 362(b)(1). Therefore, the criminal prosecution of the Debtor can proceed in this case. Any fine, penalty or restitution provided for by the Municipal Court against the Debtor will not be discharged in the pending Chapter 11 petition.

**3.** Unpublished Opinion of Bankruptcy Judge Rosemary Gambardella submitted to both counsel and the Court by the parties.

ORDER DENYING MOTION OF DEBT-OR AND GRANTING RELIEF FROM AUTOMATIC STAY TO STATE OF NEW JERSEY

This matter having come before the Court upon Motion of the Debtor for an Order determining the State of New Jersey, Department of Labor, to be in contempt of the automatic stay under 11 U.S.C. § 362; and the State of New Jersey having requested relief from the automatic stay to pursue its claims against the Debtor in State Court; and the Court having issued its findings of fact and conclusions of law in an opinion rendered this date, incorporated herein by reference;

IT IS, on this 19th day of June, 1990;

ORDERED, that the motion of the Debtor be and the same is hereby denied, and the State of New Jersey is granted relief from the automatic stay to pursue its claims against the Debtor in State Court; and it is further

ORDERED, that any fine, penalty or restitution assessed against the Debtor as a result of the aforesaid prosecution shall not be discharged in the within chapter 11 proceedings.