SMALL, J.T.C.
Defendant, Commissioner, Department of Labor, moves to dismiss that portion of plaintiffs complaint which challenges assessments made by the Department of Labor with respect to unpaid New Jersey unemployment and temporary disability insurance taxes for the years 1996, 1997, and 1998, of $109,976.22, plus penalties and interest, and an additional assessment of a $10,000 penalty for record-keeping violations. The basis of the motion is that this court lacks subject matter jurisdiction to consider the assessment.
Plaintiff is a Texas corporation which, during the years in question, was engaged in construction services activities in New Jersey and other states. Plaintiff contracted with individuals to perform those services for it. In August 1998, as part of a joint audit and investigation by the New Jersey Division of Taxation and the New Jersey Department of Labor, it was determined by those two agencies that the individuals performing services for *228 James Construction Co., in New Jersey, were employees, not independent contractors, and, accordingly, assessments were made for delinquent taxes under the New Jersey Gross Income Tax Act, N.J.S.A. 54A:1-1 to :9 — 26, for delinquent payments under the New Jersey Unemployment and Temporary Disability Insurance Law, N.J.S.A. 43:21-14(c) and (d), and for penalties under the Unemployment Insurance Law.
Plaintiff now appeals all three assessments to the Tax Court of New Jersey. Additionally, plaintiff has appealed the penalty assessment to the New Jersey Department of Labor which is processing the matter for transmittal to the Office of Administrative Law. Plaintiff also has appealed the $109,976.22 assessment; that matter has been assigned to a redetermination auditor within the Department of Labor. As of November 17, 1998, no date had been set for the redetermination hearing.
There is no dispute that this court has jurisdiction to hear the appeal of the gross income tax assessment. The Commissioner of Labor (the “Commissioner”) moves to dismiss the appeal of his assessments on the grounds that the court lacks subject matter jurisdiction. Plaintiff counters that, under the 1993 revisions to the Tax Court Act, N.J.S.A. 2B:13-1 through -15, and the developing law of the entire controversy doctrine, the Tax Court now has jurisdiction to hear this case. The Commissioner answers those arguments by asserting that the 1993 revisions to Title 2B did not amend the statute so as to include in the Tax Court’s jurisdiction appeals from the assessments made by the Commissioner of Labor. The Commissioner also claims that the entire controversy doctrine does not apply in this case. Finally, the Commissioner claims that Plaintiff has failed to exhaust its administrative remedies within the Department of Labor in order to have a court hear the case.
The issue of the Tax Court’s jurisdiction was addressed in 1991 by Judge Andrew in an unreported bench opinion which has been cited to the court. I agree with the thorough analysis in that opinion, and, accordingly, quote it extensively as it explains the *229 status of the law at that time, and there is no reason to depart from or paraphrase Judge Andrew’s analysis.[1]
The only reasons for additional analysis are the slightly different facts and the following additional arguments made in this case: (1) the Tax Court statute was amended subsequent to Judge Andrew’s ruling, (2) the Commissioner asserts that Plaintiff has failed to exhaust its administrative remedies within the Department of Labor, (3) the entire controversy doctrine argument was not raised in that case and has developed since that time, and (4) the audit was conducted as a joint audit, and the Division of Taxation and Department of Labor assessments were made at the same time. After the quotations from Judge Andrew’s opinion, I will address each of those four arguments in order.
I.
JUDGE ANDREW’S 1991 OPINION FINDING THAT THE TAX COURT OF NEW JERSEY LACKS JURISDICTION TO HEAR APPEALS FROM UNEMPLOYMENT TAX ASSESSMENTS.
Defendant has made the present motion to dismiss on the grounds that the Department of Labor, and not the Tax Court, has primary and exclusive jurisdiction over unemployment compensation contribution matters.
Unemployment compensation cases are governed by N.J.S.A. 43:21-1, et, seq., the Unemployment Compensation Law of New Jersey. If a State participates in an unemployment compensation program, it must meet minimum federal guidelines. Duso v. Ratoff, 600 F.Supp. 3 (D.N.H.1983), 42 U.S.C.A. Section 501 et seq., 42 U.S.C.A. Section 1101 et seq., and 26 U.S.C.A. Section 3301 et seq. These federal standards include the requirement that each “covered employee” make contributions to the unemployment fund. In addition, there must be a state law providing, “[a]n opportunity for a fair hearing before an impartial tribunal for all individuals whose claims for unemployment compensation are denied.” 42 U.S.C.A. Section 503(3). Although there is no Federal requirement that a State law provide for *230 hearings for employers, New Jersey’s unemployment compensation laws allow-an employer aggrieved by an assessment for unemployment contributions to a departmental hearing. N.J.S.A. 43:21-7, -11, -14 and N.J.A.C. 12:16-1 et seq.
N.J.S.A. 43:21-11 gives the New Jersey Department of Labor the authority to adopt regulations governing the scope and procedures of departmental hearings. These hearings may concern, “[a]ny question of coverage, status, liability for contributions, reporting refunds or rates of contributions.” N.J.A.C. 12:16-22.1.
Defendant asserts that since [plaintiff] has objected to paying the contributions, this matter belongs before the Department of Labor [Plaintiffs] challenge to the determination that it was liable for unemployment contributions was filed at the Office of Administrative Law on August 13, 1989, as a contested case. N.J.S.A. 52:14B-2 defines a contested case as a proceeding in which the rights of parties are' required by constitution or statute to be “determined by an agency... after opportunity for an agency hearing, but shall not include any proceeding in the Division of Taxation, Department of the Treasury, which is reviewable de novo by the Tax Court.”
Defendant contends that this statute excludes the Tax Court from considering the present complaint. Additionally, defendant contends that N.J.S.A. 2A:3A-4.1 limits the jurisdiction of the Tax Court to, “[r]eviewing actions, proceedings, rulings, decisions, orders or judgments of the County Board of Taxation or the Director of the Division of Taxation.” Since [plaintiffs] complaint did not arise from an action of a county board or the Division of Taxation, defendant states that there is no Tax Court jurisdiction in this matter.
* * * * * •* * *
Plaintiff notes that the rules governing the Tax Court are applicable. Rule 8:2(a) provides, “[t]he Tax Court shall have initial review jurisdiction of all final decisions including any judgment of any other stale agency or officer with respect to a tax matter.”
********
Rule 8:4-l(b) further provides.
Complaints seeking to review actions of the Director of the Division of Taxation, any other state agency or officer with respect to a tax matter, or a county recording officer with respect to the realty transfer tax, shall be filed within 90 days after the date of the action to be reviewed.
The issue to be determined is whether the Legislature intended the Tax Court to have jurisdiction to hear unemployment compensation contribution cases.
In order to reach a decision in this matter, legislative intent must be gleaned from a review of both the unemployment compensation law and the relevant Tax Court jurisdictional statutes. New Jersey’s unemployment compensation law was enacted in 1936 to form an integral part of the unemployment insurance system established by the Federal Social Security Act of 1935. Lazar v. Board of Review, Division of Employment Security, 77 N.J.Super. 251, 257 [186 A.2d 121] (App.Div.1962).
*231 Two distinct types of disputes may arise under the unemployment compensation law. The first type involves employee benefit claims. The second type involves disputes by employers relating to coverage, status, liability for contributions, reporting, etc. Each of the two types of disputes possesses its own unique statutory appeal structure.
^ ^
In employer contribution cases, the current practice provides for a hearing by an administrative law judge followed by a review by the Commissioner of Labor which may result in an adoption, modification or rejection of the administrative law judge’s decision. N.J.A.C. 12:16-10.1 et seq.
Appeals from the Commissioner’s decision are taken to the Appellate Division of the Superior Court. Under the former practice, a hearing officer within the Department of Labor performed the fund ion now' handled by an administrative law judge. It is important to note that administrative hearings in employer contribution cases have been in existence for over fifty years, and appeals from final administrative decisions have always been filed in the Appellate Division.
$ $c jft :}í i'fi
Therefore, for both employer contribution eases, as is the present case, and employee benefit cases, there is no specific mention of judicial review by the Tax Court of such matters, either in the unemployment compensation statutes or in the regulations promulgated by the Department of Labor. Since the unemployment compensation statutes don’t specifically mention Tax Court review, the relevant Tax Court jurisdiction statutes must be examined to determine whether the Legislature intended the Tax Court to hear employer contribution cases. Unlike the trial divisions of the Superior Court which possess [ ] “original general jurisdiction throughout the State in all causes,” N.J. Const., 1947, Art. VI, § 3,¶ 2, the Tax Court was established by the Legislature in 1978 as “an inferior, court of limited jurisdiction.” L. 1978, c. 33, 1, N.J.S.A. 2A 3A-1 As such, it may only exercise that jurisdiction which the Legislature grants to it. At the time of its creation, the Tax Court was granted jurisdiction to, “[hjear and determine all tax appeals of such character as are now taken to and heard and determined by the Division of Tax Appeals in the Department of the Treasury.” N.J.S.A. 2A:3A-3.
Two state tax statutes were amended in 1978 to specifically expand the jurisdiction of the Tax Court. First, the Transfer Inheritance Tax Act was amended to substitute the Tax Court for the Appellate Division as the “[jjudicial body to hear and determine all questions in relation to taxes levied under the provisions of Chapters 33 to 36 of this Title N.J.S.A. 54.33-1 et seq.” L. 1978, c. 32,1, N.J.S.A. 54:33-2. See also the historical note in this regard. Similarly, the Tax Court was granted jurisdiction through a legislative amendment to hear and determine appeals involving the estate tax. N.J.S.A. 54:38-1 et seq., L. 1978, c. 32, § 3, N.J.S.A. 54:38-10. The accompanying historical note reveals that the 1978 amendment substituted the “Tax Court” for the “Appellate Division of the Superior Court.”
*232 In cases other than real property tax matters, there are only two other pertinent statutes dealing with Tax Court jurisdiction. N.J.S.A. 54:51A-13 and -16 were enacted to be effective, as of January 28, 1983, and provide as follows. N.J.S.A. 54:51A-13 provides:
Except with respect to review of equalization tables, all complaints seeking review of actions of the Director of the Division of Taxation or any other state agency or officer with respect to any tax matter or of any county recording officer with respect to the realty transfer tax or any appeal with respect to property tax of railroads shall be prosecuted in accordance with the provisions of article 2 of this Chapter.
N.J.S.A. 54:51A-16 provides:
The appeal provided by this Article shall be the exclusive remedy available to any taxpayer for review of the action of the Director of the Division of Taxation or any other state agency or officer with respect to any tax matter, or of a county recording officer with respect to the realty transfer tax.
There is no question that the predecessor to the Tax Court, the Division of Tax Appeals, did not hear unemployment compensation cases. In considering the extent of the Tax Court’s jurisdiction, the Appellate Division, in Alid, Inc. v. North Bergen Township, 180 N.J.Super., 592 [602, 436 A.2d 102 (App.Div.1981) ], stated that the jurisdiction of the Tax Court only applies to, “(1) matters which prior to July 1,1979 could have been heard and determined by the Division of Tax Appeals. N.J.S.A. 2A:3A-3; and (2) to appeals with respect to transfer inheritance taxes and estate taxes. L. 1978, C. 32, effective July 1, 1979. N.J.S.A. 54:33-2; N.J.S.A. 54:34-13; N.J.S.A. 54:38-10.”
The question arises then as to the intent of the Legislature in enacting N.J.S.A. 54:olA-l et seq., and its effect. The June 17, 1982 statement of the Assembly Judiciary, Law, Public Safety and Defense Commitiee substitute for Assembly Bill 544 slates, in part, the intent of the legislation as follows:
This bill revises part of the statutory law concerning the practice and procedure in the Tax Court not otherwise covered by the court rules. The commitiee substitute makes numerous technical changes and incorporates a more logical arrangement of the sections which are being revised. Furthermore, it adds an equalization table which was inadvertently omitted and places all review of the Division of Taxation’s determinations into article 2.
In considering the above statement, the reference to practice and procedure does not seem to evidence an intent to expand Tax Court jurisdiction beyond the limits discussed in Alid, supra. Certainly, N.J.S.A. 54:51A-13 and -16 appear to cover the same subject area as N.J.S.A. 2A:3A-3. As such, the statutes may be deemed in pari materia. It is a general rule of statutory construction that in such a ease, the Legislature presumably had in mind the previous statutes concerning the same subject matter. In this case, N.J.S.A. 2A:3A-3. In the absence of an express repeal, the new provision is presumed to be in accord with the legislative policy embodied in prior statutes. Accordingly, they should be construed together and even if in apparent conflict, construed in harmony if reasonably possible.
Another applicable rule of statutory construction was noted by this court in New Jersey Highway Authority v. Bloomfield, 8 N.J.Tax 637 [ (Tax 1987) ]. “Implied repealers are disfavored in the law and will not be given effect absent a clear, *233 unequivocal indication that the statute at issue was intended to work a substantive change in an earlier statute.” Id. at 643.
In enacting N.J.S.A. 54:51A-1 et seq., the Legislature did provide an express repealer section in N.J.S.A. 54:51A-21. N.J.S.A. 2A:3A-3 was not repealed or expanded by that section, nor was any provision of the unemployment compensation law, N.J.S.A. 43:21-1 et seq., repealed by that section. In addition, there was no hint of a repeal or modification of N.J.S.A. 52:14B-2(b) with regard to contested eases before the Office of Administrative Law. There is no other indication that the Legislature intended to repeal or expand N.J.S.A. 2A:3A-3 or N.J.S.A. 43:21-1 et seq., or N.J.S.A. 52:14(b)-1 et seq, either expressly or impliedly. In employing the doctrine of in pan matena, the statutory provisions of N.J.S.A. 54:51A-13 and -16 must be construed with N.J.S.A. 2A:3A-3, and the existing comprehensive statutory scheme of the unemployment compensation law and the Administrative Procedure Act as if in harmony unless there is irreconcilable conflict between them.
It appears that N.J.S.A. 54:51A-1 et seq. was intended to be a technical amendments law which would fill the gaps left by the rules concerning Tax Court practice and procedure, rather than a substantive law designed to enlarge the jurisdiction of the Tax Court. An historical analysis of N.J.S.A. 54:51A-13 and -16 establishes that the phrase “tax matters” as referred to therein was not intended to include unemployment compensation matters, but to encompass only those matters falling under N.J.S.A. 2A:3A-1 et seq establishing the Tax Court, N.J.S.A, 54:33-2 transfer inheritances tax, and N.J.S.A. 54:38-10, estate taxes, and any other statutory provisions in which the Tax Court was specifically, and I underscore, specifically, granted jurisdiction.
If by its language in N.J.S.A. 54:51A-13 and -16, the Legislature intended to expand the Tax Court’s exclusive jurisdiction to include employer contribution cases, it follows that the Legislature also implicitly repealed the jurisdiction of the Department of Labor and the Office of Administrative Law to hear, and make determinations, in these matters. Regarding such repealers, courts in this State have held that, “[¡Implied repealers are disfavored at law and will not be given effect absent a clear, unequivocal indication that the statute at issue was intended to work a substantial change in an earlier statute.” New Jersey Highway Association [Authority] v. Bloomfield, supra, 8 N.J.Tax at 643; New Shrewsbury v. Block 105, Lot -11, et al., 104 N.J.Super. 360 [250 A.2d 53 ] (Chancery Div.1969), aff’d, opinion below per curiam,, 111 N.J.Super. 550 [270 A.2d 46[ (App.Div.1970).
Here, there has been no showing of “clear and unequivocal” proof that the Legislature intended N.J.S.A. 54:51A-13 and -16 to repeal the current procedure for appeals from the Office of Administrative Law in employment contribution cases. Indeed, the law strongly suggests that no such legislative intention exists at all.
Of particular significance in discerning legislative purpose or intent is the failure of the Legislature to amend N.J.S.A. 43:21-6(h) and -14(e) to change ‘judicial review” to “Tax Court review” as it did in similar situations involving the estate tax and transfer inheritance tax. Failure to amend an older act can also evidence legislative intent. Certainly, the Legislature is well aware that for over fifty years the Appellate Division has been the only court to have initial review jurisdiction of employer contribution appeals. Yet it chose not to amend the “judicial review” wording in N.J.S.A. 43:21-6(h) and -14(e).
*234 Also, of.significance is the fact that during and after the establishment of the Tax Court, other legislation haá provided specifically for defining and expanding this court’s jurisdiction. See, for example, N.J.S.A. 54:39A-17, which explicitly states that all taxpayers shall appeal the motor fuels use tax administered by the Division of Motor Vehicles to the Tax Court.
Consideration of the appeal provisions of New Jersey’s unemployment compensation law and those of other jurisdictions are also of some assistance in resolving the question of whether our Legislature intended to expand Tax Court jurisdiction by N.J.S.A. 54:51A-1 et seq., and whether N.J.S.A. 2A:3A-3 and N.J.S.A. 43:21-1 et seq. can be construed in harmony with the Tax Court’s jurisdictional provisions outlined in N.J.SA. 54:51A-13 and -16.
Although employer contributions have been called taxes, State v. Witralc, 194 N.J.Super. 526 [477 A.2d 412] (App.Div.1984), the taxing features of unemployment compensation acts have been held to be “[m]erely incidental to the paramount object of the [acts to relieve] against the distress of unemployment and the legislation has been upheld as a valid exercise of the police powers.” [76 Am.Jur. 2nd [Unemployment Compensation ] § 14 (1975) ].
* * * * # ;fc * % sjs
Some other state’s unemployment laws specifically provide for a review by an inferior court and a further review to the Supreme Court, which appeal is limited to review of the lesser court’s determination. 76 Am.Jur. 2nd [Unemployment Compensation § 93 (1975) ]. New Jersey’s unemployment compensation statutes do not mention any specific review' by a trial court such as the Tax Court.
With the creation of the Office of Administrative Law, one major purpose enunciated was to, “[b]ring impartiality and objectivity to agency hearings and ultimately to achieve higher levels of fairness and administrative adjudications.” Unemployed-Employed Council of New Jersey, Inc. v. Horn, 85 N.J. 646, 650 [428 A.2d 1305] [1981], As such, parties in employer contribution cases under the current procedure receive a full and fair hearing before an administrative law' judge. Generally, judicial review of unemployment compensation eases in other jurisdictions is not heard de novo. 76 Am.Jur. 2nd [Unemployment Compensation § 94 (1975) ]. As provided by statute, N.J.S.A. 2A:3A-4(b), any case heard by the Tax Court must be de novo. In the interests of judicial efficiency and the policy of speedy resolution of unemployment compensation cases, it is highly implausible that the Legislature intended to allow de novo review by the Tax Court after a full administrative contested case hearing conducted by an administrative law' judge in eases such as the one presented. As previously noted, unemployment acts are primarily administrative in character, and the Department of Labor has developed the expertise to efficiently handle disputes such as the one presented to this court.
■ To require the parties to employer contribution disputes to file appeals to the Tax Court after an administrative hearing, followed by the Commissioner’s final decision, would be duplicative, unnecessary and clearly wasteful in terms of judicial resources. There is no apparent purpose of the Legislature to provide for such a wasteful appeals procedure.
*235 As such, the ruling of this Court is that the Legislature did not intend to expand Tax Court jurisdiction to include review of unemployment compensation matters. The long practice of employer contribution appeals being brought to the Appellate Division directly from the Commissioner’s final decision has not been abrogated by the Legislature. The failure of the Legislature to specifically grant to the Tax Court the right to hear unemployment compensation cases by amending the relevant unemployment compensation statutes evidences an intent to continue the current practice of judicial review by the Appellate Division after a determination by the administrative agency.
Accordingly, since Plaintiff already has a complaint pending a hearing by the Office of Administrative Law with a final determination to be made by the Commissioner of Labor, whose decisions are subject to judicial review by the Appellate Division of the Superior Court. I see no reason why the complaint filed in this Court cannot now he dismissed. There are, however, a few items that require brief mention.
jj: :J{ s{; ❖ >¡«
[Plaintiffs] effort to demonstrate that the Tax Court does have such jurisdiction is strained, at best. First, [Plaintiff] points to N.J.S.A. 2A:3A-3, which sets forth the jurisdiction of the Tax Court. That statute, as previously noted, limits the jurisdiction of the Tax Court to tax appeals that were taken to, and heard by, the Division of Tax Appeals, the predecessor to the Tax Court. That body did not have the authority to review unemployment contribution cases. [Plaintiff,] however, notes that N.J.S.A. 2A:3A-3 provides that “practice and procedure in the Tax Court shall be provided by Rules of the Supreme Court.’’ From this provision, [Plaintiff] reasons that the Rules of Court can then provide the authority for the Tax Court to assume jurisdiction in this case.
Reciting the provisions of Rule 8:2(a), Rule 8:3 — 5(b)(2), and Rule 8-4 — 1(b), [Plaintiff] maintains that the Tax Court dearly has jurisdiction in this matter. The argument is fundamentally unsound. To begin with, N.J.S.A. 2A:3A-3 makes reference to the rules of court solely to guide practice and procedure, not to substantively create or provide jurisdiction to the Tax Court in spedfied circumstances. Second, there is no mention in N.J.S.A. 2A:3A-3 or in any of the court rules which demonstrates an intention to provide the Tax Court with jurisdiction to hear employer contribution cases ..
[Plaintiff] further contends, however, that the court rules provide foi- jurisdiction in the Tax Court over employer contribution cases while N.J.S.A. 43:21 — 14(e) does not, and, therefore, the statute conflicts with court rules and must be determined to be unconstitutional. Again, I find no substance in Plaintiffs argument. It is the Legislature that has the constitutional authority to create courts such as the Tax Court and establish their jurisdiction. N.J. Const., Art. VI, § 1, ¶ 1. If, in fact, a conflict exists between a statute and a court rule with regard to the jurisdiction of an inferior court, the rule must give way to the statute. Here, however, there is no conflict. The rules were intended solely to implement the practice and procedure in the Tax Court in those cases over which the Tax Court has statutory jurisdiction. In that light, there is no conflict.
*236 Accordingly, and for the reasons stated, I find that the Tax Court does not have jurisdiction over employer contribution cases.
II.
THE ENACTMENT OF N.J.S.A. 2B:13-2 IN 1993 DID NOT EXPAND THE JURISDICTION OF THE TAX COURT TO COVER APPEALS FROM DEPARTMENT OF LABOR ASSESSMENTS.
N.J.S.A. 2B:13-2 provides:
a. The Tax Court shall have jurisdiction to review actions or regulations with respect to a tax matter of the following:
(1) Any state agency or official;
(2) A county board of taxation;
(3) A county or municipal official.
b. The Tax Court shall have jurisdiction over actions cognizable in the Superior Court which raise issues as to which expertise in matters involving' taxation is desirable, and which have been transferred to the Tax Court pursuant to the Rules of the Supreme Court.
c. The Tax Court shall have jurisdiction over any other matters as may be provided by statute.
d. The Tax Court jurisdiction shall include any powers that may be necessary to effectuate its decisions, judgments and orders.
Arguing that the assessment under the Unemployment and Temporary Disability Law is a tax, plaintiff asserts that, on its face, this statute gives the Tax Court jurisdiction over the assessments. The Commissioner argues that: (a) the Superior Court would not have jurisdiction over this matter until the Commissioner’s final determination, and then jurisdiction would be in the Appellate Division; (b) this “concurrent” jurisdiction in the Tax Court applies only when the matter has “been transferred to the Tax Court pursuant to the Rules of the Supreme Court”; and (c) L. 1993, c. 74, part of which became N.J.S.A. 2B:13-2, did not extend the jurisdiction of the Tax Court to Labor Department matters.
The purpose of the 1993 amendments, according to the Judiciary Committee’s Statement to the Senate No. 629, was to “implement [ ] the recommendations of the Law Revision Commission with regard to those statutes in Title 2A governing the Tax *237 Court.” The Law Revision Commission’s Comment to N.J.S.A 2B.T3-2 was:
Paragraph (a) replaces former provisions 2A:3A-3 and 2A:3A-4.1 with a catalog of the review jurisdiction of the Tax Court, specific instances of which are contained in Titles 54 and 54A and elsewhere in the statutes.
Nowhere in Titles 54 or 54A, or in any other statute, is there a “specific instance” of Tax Court jurisdiction over unemployment/disability tax matters. Moreover, the language of N.J.S.A 2B:13-2(a) is almost identical to that of N.J.S.A. 54:51A-13, which, since at least 1983, has provided that:
all complaints seeking review of actions of the Director of the Division of Taxation or any other State agency or officer with respect to any tax matter.. shall be prosecuted in accordance with the provisions of article 2 of this chapter.
[N.J.S.A. 54.51A-13. ]
Thus, nothing changed vis-a-vis the types of taxes over which the Tax Court has jurisdiction when N.J.S.A 2B:13-2(a) was enacted. As Judge Andrew pointed out, the jurisdiction of the court was expanded to hear appeals from transfer inheritance and estate tax assessments in 1978, and in 1983 to hear appeals from realty transfer tax and railroad taxes. In 1993 the jurisdictional language was simply revised to mirror more closely that which has been in N.J.S.A. 54:51A-13 since at least 1983. In enacting L. 1993, c. 74, the Legislature merely continued its revision of those sections of Title 2A which dealt with the courts. In L. 1991, c. 119, it addressed the sections of Title 2A which concerned the Superior Court and recompiled them in Title 2B. In Ij. 1993, c. 74, it addressed those sections of Title 2A which dealt with the Tax Court. See Assembly and Senate Committee Statements to Senate, No. 629. The Legislature did not expand the jurisdiction of the Tax Court when it enacted paragraph (a) of N.J.S.A 2B:13-2.
III.
PLAINTIFF HAS FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES.
The two “assessments” made by the Department of Labor are not final. The penalty assessment is being prepared for *238 transfer to the Office of Administrative Law (OAL), pursuant to N.J.S.A. 52:14B-1 to -15. The Unemployment and Temporary Disability assessment has been forwarded to the redetermination auditor. N.J.A.C. 12:16-22.3. Thus, even if this court.had subject matter jurisdiction over the unemployment and temporary disability assessments, it would be conferred by N.J.S.A. 2B:13-2(a)(l). That section confers jurisdiction to review the action of a state agency or official. Neither the Department of Labor nor the Commissioner have finally spoken with regard to either the $109,-976.22 tax or the $10,000 penalty.
The Administrative Procedures Act (APA) provides for referral from a State agency to the OAL, a consideration by an administrative law judge, and finally, a final determination by a state agency through adoption of the administrative law judge’s opinion, rejection of that opinion, modification of that opinion, or adoption of that opinion by inaction. N.J.S.A. 52:14B-10(c), N.J.A.C. 12:16-22.4 and -22.6. Only at that point would it be arguable that this court would have jurisdiction to hear the matter. Thus, even if this court had subject matter jurisdiction, which I have found it does not, plaintiffs complaint is too early.
New Jersey has a preference toward exhausting administrative remedies. The preference is not, however, jurisdictional. A court may hear a case where a party has not exhausted its administrative remedies, but a trial court should consider whether an exhaustion of remedies will serve the interest of justice. See Abbott v. Burke, 100 N.J. 269, 296, 495 A.2d 376 (1985), appeal after remand, 119 N.J. 287, 575 A.2d 359 (1990); Hammer v. N.J. Voice, Inc., 302 N.J.Super. 169, 694 A.2d 1080 (Law Div.1996). See also Vaccaro v. City of Omaha, 6 Neb.App. 410, 573 N.W.2d 798, aff’d 254 Neb. 800, 579 N.W.2d 535 (1998) (providing an overview of different states’ rules toward the exhaustion of administrative remedies).
Therefore, while the exhaustion of remedies is not jurisdictional, it may best serve the. interest of justice in this case. “[Wjhere a court has concurrent, discretionary jurisdiction with *239 another court or an administrative agency, the decision to exercise jurisdiction ml non should be fully responsive to the competence, expertise and status of the other tribunal.” Hinfey v. Matawan Regional Bd. of Ed., 77 N.J. 514, 532, 391 A.2d 899 (1978) (citations omitted). Such a process will “assure that a controversy, or its most critical facets, will be resolved by the forum or body which, on a comparative scale, is in the best position by virtue of its statutory status, administrative competence and regulatory expertise to adjudicate the matter.” Ibid.
Even assuming that the Tax Court has jurisdiction due to a determination that an unemployment compensation assessment is a “tax,” it must be recognized that these cases have been dealt with by the Department of Labor for over half a century. The expertise in this case clearly lies at the Department of Labor. Finally, judicial efficiency favors hearing these cases at the Department of Labor. The staggering number of cases which the Department efficiently decides could overwhelm the Tax Court and its six Judges. Therefore, because plaintiff has not exhausted its administrative remedies, and the case should be heard in front of the tribunal of strongest expei-tise, the Commissioner’s case should be heard at the Department of Labor.
IV.
THE ENTIRE CONTROVERSY DOCTRINE DOES NOT APPLY.
Plaintiff argues that this case should be controlled by the principles of the entire controversy doctrine (the “Doctrine”) and that the Tax Court should exercise jurisdiction in order to resolve completely the worker classification dispute. The Doctrine, however, does not apply in this case.
Plaintiff is attempting to use the Doctrine in order to confer on this court jurisdiction to hear its complaint against the Commissioner. The Doctrine does not allow plaintiff to join the Commissioner in a matter in which the Tax Court lacks independent jurisdiction to hear plaintiffs case against the Commissioner.
*240 The Doctrine was originally intended to be an instrument to force claim-joinder. “The objectives behind the [Doctrine] are:(l) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation.” Sutton Warehousing, Inc. v. Director, Div. of Taxation, 290 N.J.Super. 686, 691, 676 A.2d 615 (App.Div.1996). See also Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 322, 662 A.2d 523 (1995). The Doctrine requires all parties in an action to raise all claims against each other whether assertable by complaint, counterclaim, or cross-claim. Falcone v. Middlesex County Med. Soc’y, 47 N.J. 92, 219 A.2d 505 (1966). The Doctrine evolved to require all transaction-ally related non-parties to be joined in the action as well. Cogdell v. Hospital Ctr. at Orange, 116 N.J. 7, 560 A.2d 1169 (1989). In order to clear the confusion that had grown over the Doctrine, the Civil Practice Committee investigated and made suggestions. R. 4:30A, effective September 1998, is the result of those suggestions.
Under R. 4:30A, mandatory party joinder has been eliminated. Preclusion of a successive action against a person not a party to the first action has been abolished except in special situations involving both inexcusable conduct and substantial prejudice to the non-party resulting from omission from the first suit. Pressler, Current N.J. Court Rules, comment 1 or R. 4:30A (1999). See Crispin v. Volkswagenwerk A.G., 96 N.J. 336, 476 A.2d 250 (1984) (giving an example of the type of inexcusable conduct intended by the rule where the plaintiff, in essence, waited to see if the claim would provide relief against one defendant, before it sought to sue a different defendant).
If plaintiff decided not to join the Commissioner, that decision would not be deemed inexcusable conduct, nor would substantial prejudice result from the omission. The party that would be able to use the Doctrine if a later ease were brought, the Commissioner, does not want to be joined in this case. There is a procedural system in place for the claim that plaintiff is making, and the *241 Doctrine does not require the Tax Court to hear the case against the Commissioner.
The Doctrine is an affirmative defense, not a technique to confer jurisdiction on a court that would not otherwise have jurisdiction. Plaintiff is in no danger of losing relief in the matter. “[T]he ... doctrine as generally applied requires ‘that a party who has elected to hold back from the first proceeding a related component of the controversy be barred from thereafter raising it in a subsequent proceeding.’ ” Woodward-Clyde Consultants v. Chemical & Pollution Sciences, Inc., 105 N.J. 464, 472-73, 523 A.2d 131 (1987) (emphasis added) (quoting Crispin v. Volkswagenwerk, supra, 96 N.J. at 348, 476 A.2d 250 (Handler, J., concurring)) (quoting William Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J.Super. 277, 292, 375 A.2d 675 (App.Div.), certif. denied, 75 N.J. 528, 384 A.2d 507 (1977)). To satisfy the Doctrine a party must only assert the claim in question. Woodward-Clyde, supra, 105 N.J. at 473, 523 A.2d 131. Plaintiff has satisfied the Doctrine by asserting this claim. The court is not required to hear the case simply because plaintiff has named the Commissioner. See Id. at 474, 523 A.2d 131. Plaintiff will not, however, be barred from bringing its action at the Department of Labor.
V.
NO STATUTE CONFERS JURISDICTION ON THE TAX COURT
There is some logic to plaintiffs attempt to have an independent trier of fact hear both of these matters together. The facts underlying the relationship of the employees/independent contractors to plaintiff are one set of facts. Although the standards for determining who is an employee or independent contractor under the two statutes are different, those standards must be applied to the same set of facts. N.J.S.A. 43:21 — 19(I)(6)(A), (B), and (C), (the so-called “ABC test”), Boudrot v. Director, Div. of Taxation, 4 N.J.Tax 268, 274 (1982), Poppe v. Director, Div. of Taxation, 6 N.J.Tax 108 (1983) (discussing common tests). Although it would *242 be logically difficult to countenance two different findings of fact in these matters, it is not at all inconceivable under the same set of facts to find that, for purposes of one statute the individuals were employees, and for purpose's of the other they were independent contractors. The statutory standards are different — if they are to be made identical, that is a job for the Legislature, not the courts.
It might be logical and efficient to have one independent finding of facts for both assessments. The Legislature has determined that there shall be two fact finders — in one instance, an administrative law judge — in the other, a judge of the Tax Court. No logical doctrine of efficiency or consistency can justify this court’s taking jurisdiction over a matter it is not statutorily authorized to hear, in effect, preempting the authority and duty of the OAL and the Commissioner to make their determinations.
Perhaps, with the advent of the joint audit by the Department of Labor and the Division of Taxation, the Legislature may wish to consider such a procedure. I express no opinion on its wisdom. I note that, for many years, the administrative procedure of determining liabilities under Title 43, with an ultimate appeal to the Appellate Division of the Superior Court, and the separate judicial procedure of challenging gross income tax assessments in the Tax Court, seems to have worked well.
The motion of Defendant, Commissioner of Labor, is granted. The appeals of the Department of Labor actions are dismissed.

 R 1:36-3 forbids the citation of an unreported opinion. But if a case is mentioned and quoted at length and not cited as authority, the rule is not violated. Falcon v. American Cyanamid, 221 N.J.Super., 252, n. 2 at 261 and 262-64, 534 A.2d 403 (App.Div.1987); certif. denied 108 N.J. 185, 528 A.2d 14 (1987).