**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3069-22

CARLA WILSON,

      Plaintiff-Appellant,

v.

THE HOUSING AUTHORITY OF
THE CITY OF NEWARK, VICTOR
CIRILO, EMANUEL FOSTER,
SAMUEL MOOLAYIL, KEITH
KINARD, ESQ., SIBYL BRYANT,
ESQ., MICHAEL MOORE, and as
individuals, jointly, severally and in
the alternative,

      Defendants-Respondents.

_____

Submitted February 5, 2025 – Decided April 24, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2898-19.

Carla Wilson, appellant pro se.

Preston & Wilkins, LLC, attorneys for respondents (Gregory R. Preston, on the brief).

PER CURIAM

Plaintiff Carla Wilson appeals from the May 12, 2023 Law Division order dismissing with prejudice her second amended complaint against defendants the Housing Authority of the City of Newark (NHA), Victor Cirilo, Emanuel Foster, Samuel Moolayil, Keith Kinard, Esq., Sibyl Bryant, Esq. and Michael Moore (collectively, defendants). We affirm in part and reverse and remand in part.

Plaintiff is a former employee of the NHA. In 2010, she filed a complaint against the NHA and Bryant, alleging employment-related causes of action. In 2013, the parties resolved the matter via a settlement agreement (the settlement agreement). In exchange for plaintiff's waiver and release of her claims against the NHA and Bryant, the NHA agreed to the following payment terms:

> (a) The gross amount of [$40,000] (less deductions and withholdings required by law) by check payable to [plaintiff]. This payment will be reported on a Form W-2 to be issued to [plaintiff] and will be mailed to her attorney;
>
> (b) [$20,000] by check payable to "Herbert J. Tan, LLC." NHA shall issue an IRS Form 1099 to Herbert J. Tan, LLC in connection with the payment referenced in this sub-paragraph;
>
> (c) [Plaintiff] accepts responsibility for the payment of all income, employment and other taxes which may be related to these payments, except that NHA shall pay the employer's share of the payroll taxes relating to the payment referenced in paragraph 1(a) above. [Plaintiff]

2

has had the opportunity to obtain advice from a tax professional, [d]efendants make[] no representation as to the taxability of the consideration provided under this [a]greement, and [plaintiff] is not relying on any such representation in deciding to execute this [a]greement. The taxability of the settlement monies shall not affect the validity of this [a]greement and [r]elease; . . . .

In April 2019, plaintiff filed a pro se complaint against defendants alleging she was paid the settlement amount but was provided a Form 1099 rather than a Form W-2.

The second amended complaint, which is the operative filing here, alleged breach of the settlement agreement and fraud in the inducement but removed reference to Forms W-2 and 1099. Plaintiff claimed the NHA and Bryant breached the settlement agreement by failing to pay payroll taxes and pension contributions, and failing to report the wages to the Public Employees Retirement System (PERS), which resulted in a diminution in the value of her pension and additional tax consequences to her. She further alleged defendants fraudulently induced her into agreeing to the settlement agreement as a "wage settlement," when they had no intention of treating it as a "wage settlement."

In lieu of filing an answer, defendants moved to dismiss the complaint for failure to state a claim. On May 12, 2023, after oral argument, the trial court granted defendants' motion to dismiss with prejudice. The court dismissed the

3

complaint as to Cirilo and Moolayil with prejudice because they were not parties to the settlement agreement, and any involvement they had with plaintiff occurred after the settlement agreement was executed. The court dismissed plaintiff's breach of contract claim because the settlement agreement was not a "wage settlement" and did not provide for pension payments. Finally, the court dismissed plaintiff's cause of action for fraud because it was not plead with sufficient specificity.

Appellate courts review "Rule 4:6-2(e) motion[s] to dismiss for failure to state a claim . . . de novo, affording no deference to the trial court's determination." Pace v. Hamilton Cove, 258 N.J. 82, 95-96 (2024).

When reviewing a Rule 4:6-2(e) motion to dismiss, "we assume that the allegations in the pleadings are true" and afford the pleading party "all reasonable inferences." Sparroween, LLC v. Twp. of West Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017). A reviewing court is not concerned with the plaintiff's ability to prove its case. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). Instead, we must examine "the legal sufficiency of the facts alleged on the face of the complaint." Pace, 258 N.J. at 96 (quoting Robey v. SPARC Grp. LLC, 256 N.J. 541, 554 (2024)).

Reviewing courts then "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." AC Ocean Walk, LLC v. Am. Guarantee & Liab. Ins. Co., 256 N.J. 294, 311 (2024) (alteration in original) (quoting Printing Mart-Morristown, 116 N.J. at 746). "Nonetheless, 'the essential facts supporting plaintiff's cause of action must be presented in order for the claim to survive; conclusory allegations are insufficient in that regard.'" Ibid. (quoting Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012)). "[I]f the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Pace, 258 N.J. at 96 (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)).

As a preliminary matter, we reject plaintiff's contention the trial court should have converted the motion to dismiss into a summary judgment motion. While courts are generally constrained to "the pleadings themselves," Dimitrakopoulos, 237 N.J. at 107 (quoting Roa v. Roa, 200 N.J. 555, 562 (2010)), the court "may consider documents specifically referenced in the complaint 'without converting the motion into one for summary judgment.'" Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (quoting

E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003)).

Documents that may be considered by the court include the "allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Jersey City United Against the New Ward Map v. Jersey City Ward Comm'n, 478 N.J. Super. 132, 145 (App. Div. 2024) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005)).

As the trial court found, "the settlement agreement . . . was referred to and attached to plaintiff's second amended complaint, and forms the entire basis for plaintiff's action." Thus, the court did not err in considering the settlement agreement without converting the motion to summary judgment.

We next address plaintiff's claim for breach of contract. "An agreement to settle litigation is 'governed by [the general] principles of contract law.'" Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016) (alteration in original) (quoting Brundage v. Estate of Carambio, 195 N.J. 575, 600-01 (2008)). To establish a cause of action for breach of contract, a plaintiff must show:

> [F]irst, that "[t]he parties entered into a contract containing certain terms"; second, that "plaintiff[s] did what the contract required [them] to do"; third, that "defendant[s] did not do what the contract required [them] to do[,]" defined as a "breach of the contract"; and fourth, that "defendant[s'] breach, or failure to do

6

what the contract required, caused a loss to the plaintiff[s]."

> [Ibid. (all but first alteration in original) (quoting Model Jury Charges (Civil), 4.10A, "The Contract Claim-Generally" (May 1998)).]

Plaintiff's second amended complaint alleges:

> 6. . . . [A] settlement agreement was reached between [p]laintiff and [d]efendants [NHA] [and] . . . Bryant by which [p]laintiff was to be paid $40,000[] in gross wages by said [d]efendants, which included payment of appropriate payroll taxes on [p]laintiff's behalf and contributions to her pension under [PERS] as per N.J.S.A. 43:1-1, et seq., as well as payment of her attorney fees in the amount of $20,000[], in consideration for a release of claims and a dismissal, with prejudice, of the then pending litigation.
>
> . . . .
>
> 9. Defendants [NHA] and Bryant breached the [s]ettlement [a]greement and [g]eneral [r]elease by failing to pay the $40,000[] to [p]laintiff as a "wage settlement[,]"[] insofar that said [d]efendants failed to pay the appropriate payroll taxes or pension deductions, nor appropriately report the wages to [PERS], resulting in additional tax liability and a diminution of the value of [plaintiff's] pension.
>
> 10. As a result of the [d]efendants' breach of the [s]ettlement [a]greement and [g]eneral [r]elease, the [p]laintiff sustained damages.

The trial court found the complaint failed to state a claim because the settlement agreement was "silent regarding pension deductions, contributions,

7

or reporting settlement as wages to . . . [PERS]." The court emphasized the provision in the settlement agreement whereby plaintiff accepted "responsibility for the payment of all income, employment and other taxes which may be related to these payments, except that NHA shall pay the employer's share of the payroll taxes relating to the settlement payment."

Thus, the court found defendants did not breach the settlement agreement because plaintiff was paid $40,000, her attorney was paid $20,000, and plaintiff was responsible for income, employment and other taxes, with the exception of payroll taxes.

With respect to the pension contributions, the trial court found:

> We don't have anything from PERS, quite frankly, saying no contribution was made. And I am going to presume that no contribution was in fact made. But there is nothing in this agreement that says it's a wage settlement. But even putting that aside, even if I were to glean from the language it was some sort of a wage settlement, there's nothing in here that says that a pension contribution would be made.
>
> And it's very clear that it says that [plaintiff] would be responsible for the payment of any income, employment and other taxes related to the payment, and that all NHA would pay was the employer's share of payroll taxes. The question is . . . a pension contribution a payroll tax? And the answer is no.

The trial court also noted plaintiff had counsel at the time the settlement agreement was executed, although later her former counsel was disbarred. Nevertheless, in signing the settlement agreement, plaintiff understood she was "giving up important rights. She consult[ed] with an attorney. She . . . had [a] period of time to study it. And she [could have] revoke[d] it in seven days. She did not do that."

On appeal, plaintiff summarily argues the settlement payment reported on a Form 1099 rather than a Form W-2 was a breach of the settlement agreement, and she suffered damages because defendants did not make pension contributions they otherwise would have, had they compensated her with a Form W-2. Defendants counter the settlement agreement is silent regarding pension deductions, contributions, or reporting the settlements as wages to PERS.

Having reviewed plaintiff's complaint with the required liberality at the motion to dismiss stage, we are persuaded dismissal with prejudice was premature. While the settlement agreement regarding plaintiff's employment-related claims did not expressly state the payment was for retroactive wages, there were indicia it was: paragraph (1)(a) provides the $40,000 payment was to be made "less deductions and withholdings required by law," which may be construed to include a pension contribution; and paragraph (1)(c) provides that

9

plaintiff "accept[ed] responsibility for the payment of all income, <u>employment</u> and other taxes which may be related to these payments, <u>except that NHA shall</u> <u>pay the employer's share of the payroll taxes relating to the payment referenced</u> <u>in paragraph (1)(a) above</u>."  (Emphasis added).

In addition, the settlement agreement specifically provides plaintiff was to be paid $40,000 "reported on a Form W-2."  A Form W-2 "is normally issued by an employer to an employee," documenting "[t]he withholding of taxes . . . consistent with an employer-employee relationship."  <u>Poppe v. Tax'n Div. Dir.</u>, 6 N.J. Tax 108, 114 (Tax 1983).  A Form 1099 is used for reporting income to independent contractors and is "not subject to standard payroll deductions." <u>Cavalieri v. Bd. of Trs. of Pub. Emps. Ret. Sys.</u>, 368 N.J. Super. 527, 534 (App. Div. 2004).

Compensation reported on a Form W-2 is materially different than payment reported on a Form 1099 for purposes of a pension calculation.  <u>See</u> N.J.S.A. 43:15A-6(r) (defining "compensation" for purposes of pension); N.J.A.C. 17:1-2.18(a) (permitting pension service credit for a settlement awarding a PERS member backpay).

Although we agree with the court's determination plaintiff's complaint failed to establish a prima facie case for breach of contract against the NHA and

Bryant, the dismissal should have been without prejudice. A motion to dismiss pursuant to Rule 4:6-2(e) is ordinarily granted without prejudice to filing an amended complaint, Printing Mart-Morristown, 116 N.J. at 772, and dismissal with prejudice is only appropriate if any effort to amend would be futile, Johnson v. Glassman, 401 N.J. Super. 222, 246-47 (App. Div. 2008).

Here, the trial court noted although the settlement agreement required payment reported on a Form W-2, plaintiff did not allege she received a Form 1099 instead of a Form W-2 until oral argument. This salient fact was alleged in her pro se initial complaint but was omitted from her counseled second amended complaint. Because permitting amendment of the complaint may not be futile, the dismissal should have been without prejudice.

We next turn to plaintiff's claim of fraud in the inducement alleged against all defendants. "[F]raud is never presumed but must be established by clear and convincing evidence." Weil v. Express Container Corp., 360 N.J. Super. 599, 613 (App. Div. 2003). "A court may dismiss a complaint alleging fraud if 'the allegations do not set forth with specificity, nor do they constitute as pleaded, satisfaction of the elements of legal or equitable fraud.'" State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc., 387 N.J.

Super. 469, 484-85 (App. Div. 2006) (quoting Levinson v. D'Alfonso & Stein, 320 N.J. Super. 312, 315 (App. Div. 1999)).

To prove common-law fraud, a party must demonstrate: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the [person making the statement] of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 147 (2015).

Plaintiff's complaint alleged defendants offered her resolution of the prior litigation via a "wage settlement," with the intention that she would rely on their representation; she relied on their representation, accepted the offer and entered into the settlement agreement; defendants "had no intention of treating it as a 'wage settlement'"; and as a direct result of defendants' fraud in the inducement, plaintiff sustained damages including additional tax liability and a diminution of the value of her pension.

In dismissing the fraud claim with prejudice, the motion judge found:

> [O]n the face of the complaint the allegation of fraud certainly doesn't apply to those defendants, and the reason I would have to dismiss that is because . . . she stated, and this is a person with an education, and she is represented by counsel, but she said she has not relied upon any representations or statements by defendants, their counsel, the representations in any way with

12

regard to the subject matter of this agreement, which is not set forth in the agreement.

So this is a fully integrated document. It seems to me that for that reason alone the fraud allegations cannot move forward. . . . I have to dismiss the complaint on the face of it.

We agree with the trial court's determination plaintiff's complaint failed to state a claim for fraud. Other than allegations against "defendants" generally, plaintiff did not identify which defendants made statements, what those statements were, and what actions of each specific defendant constituted fraud. More so, plaintiff's claims are not sustainable because, in her counseled settlement of her employment lawsuit, she explicitly acknowledged she "ha[d] not relied upon any representation or statement by [d]efendants, or their counsel or representatives, with regard to the subject matter of [the settlement agreement], which is not set forth in [the settlement agreement]." We therefore affirm the dismissal with prejudice of plaintiff's claim for fraud in the inducement against defendants.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division